IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAMION LACKEY, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| PAPA JOHN'S FOOD SERVICE. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Damion Lackey ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Papa John's Food Service ("Defendant") pursuant to the Family Medical Leave Act ("FMLA"), and shows the Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C.§2000(e)-5(f), venue is appropriate in this Court.

**PARTIES**

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, PJ Food Service, 1201 Peachtree Street, NE, Atlanta, Georgia 30361

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA.

7.

Plaintiff began his employment with Defendant on or around July 7, 2017, as a Production Operator.

8.

On May 28, 2020, Plaintiff had an auto accident, and opted to use his FMLA leave to take time off for his long-term disability which originated from the accident.

9.

Plaintiff had never taken FMLA leave before and had accrued twelve (12) weeks.

10.

On June 8, 2020, while Plaintiff was on protected FMLA leave, his supervisor contacted him, asking when he would come back to work, even though he was on protected leave.

11

11.

Plaintiff abided by the Agency's policy and provided his supervisor with an additional doctor's note in which his supervisor disregarded, giving him two (2) points.

12.

The Agency's policy states that for any and all absences from work, the employee is given two or three points – unless the employee gives his supervisor an advanced 24 hour notice.

13.

If this notice is given, the employee will not accrue points for taking time off.

14.

As stated above, Plaintiff gave his supervisor a 24 hour advanced notice for each time he needed to take time off.

15.

On October 20, 2020, Plaintiff notified his supervisor that he needed October 21, 2020, off and provided him with confirmation that his shift had been covered by another employee 24 hours beforehand.

16.

Plaintiff's supervisor had even approved this time off. However, Plaintiff's supervisor disregarded his own actions, and gave Plaintiff an additional two (2) points.

17.

On or around November 7, 2020, Plaintiff filed a complaint with Human Resources regarding the interference and retaliation he had been experiencing from his supervisor for taking protected FMLA leave.

18.

On November 27, 2020, Plaintiff had been scheduled to take this day off. However, Plaintiff's supervisor called him and told him that he had to come in, "because he caused other employees to cover his shift when he was out on FMLA leave."

19.

When Plaintiff refused, his supervisor gave him an additional three (3) points.

20.

On November 30, 2020, the Agency informed Plaintiff that he would be suspended for three (3) days, including taking away his holiday pay for being off on November 27, 2020.

21.

By this time, Plaintiff had only rightfully accumulated five (5) points, which under the Agency's policy would qualify as a verbal reprimand.

22.

On January 19, 2021, Plaintiff was terminated from the Agency, with the Agency claiming poor performance.

23.

Defendant was on notice that Plaintiff's absences were necessitated by qualifying conditions under the FMLA.

24.

Defendant terminated Plaintiff because of his need for FMLA protected leave and/or due to FMLA protected work absences.

25.

In terminating Plaintiff, Defendant interfered with Plaintiff's exercise of FMLA rights and/or retaliated against Plaintiff for his exercise of FMLA rights.

26.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

27.

Plaintiff worked more than 1250 hours during the 12-month period immediately preceding his FMLA protected absences, requested leave, but was subsequently terminated.

28.

Plaintiff was employed by Defendant for more than 12 months preceding his FMLA protected absences, request for leave and termination.

29.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks, within 75 miles of the location where Plaintiff worked for Defendant.

## CLAIMS FOR RELIEF
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT COUNTS 1 & 2.
## (FMLA INTERFERENCE AND RETALIATION)

30.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

31.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

32.

Plaintiff was an eligible employee under the FMLA.

33.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling him to all appropriate relief under the statute.

34.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

35.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

36.

Defendant terminated Plaintiff because of his need for intermittent FMLA leave and/or due FMLA protected work absences. Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and/or retaliation.

37.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

38.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a)   General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)   Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c)   Punitive damages;

(d)   Reasonable attorney's fees and expenses of litigation;

(e)   Trial by jury as to all issues;

(f)   Prejudgment interest at the rate allowed by law;

(g)   Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which he may be entitled.

Respectfully submitted this 7th day of April, 2021.

                                       s/ Jeremy Stephens
                                       Jeremy Stephens, Esq.
                                       **MORGAN & MORGAN, PLLC**
                                       GA Bar# 702063
                                       191 Peachtree Street NE, Suite 4200
                                       Atlanta, Georgia 30303
                                       Tel:   (404) 965-1682
                                       Email: jstephens@forthepeople.com